IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Brian Keith McElroy,** | Case No. 1:23-cv-01715 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Patrol SGT Zachary Ropos, *et al*.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

### Introduction

*Pro se* plaintiff Brian K. McElroy has filed a prisoner civil rights complaint in this case under 42 U.S.C. § 1983 against Lake County Sergeant Zachary Ropos, Lake County Sheriff Frank Leonbruno, and the City of Painesville. (Doc. No. 1.) In his complaint, plaintiff asserts constitutional and state-law claims in connection with his arrest and prosecution in a state criminal case in Painesville Municipal Court. *See State of Ohio v. Brian K. McElroy*, No. 21 CR 000509. Plaintiff contends he was wrongly arrested and held on "manufactured charges" in the case and that the evidence was "tampered with." (*Id*. at 5, ¶ VI.) He seeks monetary relief. With his complaint, plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the following reasons, his complaint is dismissed.

### Standard of Review

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are expressly reqired under 28 U.S.C. §

1915(e)(2)(B) to dismiss any *in forma pauperis* complaint filed in federal court that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). In order to withstand dismissal for failure to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. at 470-71 (holding that the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for dismissals under Fed. R. Civ. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

Upon review, the Court finds that plaintiff's complaint warrants dismissal under § 1915(e)(2)(B).

First, to the extent the state criminal proceedings of which plaintiff complains may still be pending, his complaint fails to state a claim over which this Court may exercise jurisdiction. Federal courts must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Federal abstention is appropriate where state proceedings: (1) are ongoing, (2) implicate important state interests, and (3) afford plaintiff an adequate opportunity to raise federal claims. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45).

A criminal proceeding implicates an important state interest. *See Leveye*, 73 F. App'x at 794. And plaintiff has not shown that he could not raise his federal concerns in the context of the state criminal case. *See Szarell v. Summit Cty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of *Younger* is satisfied where the plaintiff

failed to allege that state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Second, plaintiff's complaint fails to allege a cognizable federal § 1983 damages claim even if the state criminal proceeding of which he complains has concluded.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Plaintiff's federal claims purport to challenge the validity of state criminal proceedings, but he has not alleged or demonstrated that the proceedings, or any resulting conviction, have been invalidated or called into question in any of the ways articulated in *Heck*. Without such a showing, under *Heck*, his § 1983 damages claims are not cognizable.

Third, plaintiff has already filed a civil rights action under § 1983 against defendants Ropos and Leonbruno and others contending his rights were violated in connection with criminal proceedings in Lake County. *See McElroy v. Madison Township Police Dep't, et al.,* Case No. 1: 22-cv-1970, 2023 WL 2139370, at *1 (N.D. Ohio Feb. 21, 2023). Judge Fleming summarily dismissed plaintiff's prior § 1983 action on the basis of *Heck* and other grounds. Accordingly, to the extent plaintiff purports to assert claims previously asserted and determined, his complaint is duplicative and subject to dismissal as frivolous. *See Dorsey v. Metropolitan Government of Nashville &*

3

*Davidson County*, No. 3: 11-cv-126, 2011 WL 2078356 (M.D. Tenn. May 15, 2011) (accepting Report and Recommendation and dismissing duplicative complaint as frivolous).

## Conclusion

For all the foregoing reasons, plaintiff's complaint in this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice to state-law claims. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: November 28, 2023

  s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE